UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

SIGRID KLINE AND MATTHEW MULLER, CV 13-6800

                              Plaintiffs,    **COMPLAINT AND JURY DEMAND**

        -against-

THE CITY OF NEW YORK, DETECTIVE WILLIAM GIUGLIANO, JOHN DOE ## 1-10,

GLEESON, J.

DOCKET #

SCANLON, M.J.

                              Defendants.    ECF CASE

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of his rights secured by 42 USC §1983, §1988, §1985(3) and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a February 3, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, malicious prosecution and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. Venue is laid within the United States District Court for the Eastern District of New

York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Matt Muller is a citizen of the United States. At all times here relevant plaintiff resided at 2805 33rd Street, in Astoria, Queens County, City and State of New York.

7. Plaintiff Wilbert Macklin is a citizen of the United States. At all times here relevant 2805 33rd Street, in Astoria, Queens County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Detective Giugliano was at all times here relevant, an employee of the NYPD, and the official who signed both plaintiffs Desk Appearance Tickets. He is sued in his individual and official capacities.

10. John Doe Police officers, at all times here relevant, was an employee of the NYPD, and is sued in his individual and official capacities.

11. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On February 3, 2012 Plaintiffs Matthew Muller and Sigrid Kline, and non-party Forest Kline, were legal residents of a home located at 2805 33rd Street, Apartment 2D Astoria, New York. At approximately 7:00 PM, Plaintiff Matthew Muller was inside the home with Forest

2

Kline when police officers forced their way into the apartment without consent, without a warrant and without any privilege to do so.

14. The police detained Matthew Muller and Forest Kline, who was also living at the home at the time and searched their home without any reasonable suspicion to believe that any criminality was afoot. Police officers also searched through Plaintiff Muller's phone and recorded phone numbers.

15. Plaintiff Matthew Muller was arrested and detained at the precinct for approximately five hours. He was given a Desk Appearance Ticket for the "criminal use of "drug paraphernalia". He denies the charge and all charges against him were dismissed.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.  Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

d.  Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e.  Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f.  Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

g. Loss of liberty.

## FIRST CAUSE OF ACTION
## PLAINTIFF MATTHEW MUELLER
(42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and false imprisonment, malicious prosecution, governmental intrusion in his home, unlawful search of his home and cell phone, and due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

4

## SECOND CAUSE OF ACTION
## PLAINTIFF SIGRID KLINE
(42 USC § 1983)

22. The above paragraphs are here incorporated by reference.

23. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, governmental intrusion in her home and unreasonable search of her home and personal effects in the home and due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

24. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

5

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
December 12, 2013

TO:    New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Detective Dawn Gugliano
Tax id.
Queens Narcotics

Yours, etc.,

*Leo G.*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

6